

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Petitioner, | ) ) ) |
| V. | ) CIVIL ACTION NO. ) |
| RESIDENCE LOCATED AND SITUATED AT 10203 RED IRON CREEK, CONVERSE, TEXAS | ) ) ) ) **SA09CA0206 FB** |
| and | ) ) |
| REAL PROPERTY LOCATED AT 10480 WARE SEGUIN ROAD, SCHERTZ, TEXAS | ) ) ) |
| Respondents. | ) |

FACTS PERTINENT TO VIOLATIONS IN SUPPORT
OF VERIFIED COMPLAINT FOR FORFEITURE
APPENDIX A

On March 18, 2009, Jerome Matthew Goldick (hereinafter Goldick), was indicted under seal in the Western District of Texas, San Antonio Division, for violations of 18 U.S.C. § 641 Theft of Government Property. The facts and circumstances of this criminal indictment are the same set of facts and circumstances which form the basis for the filing of this instant civil forfeiture action. Specifically, investigation by the San Antonio Fraud Resident Agency of the U.S. Army Criminal Investigation Command's (CID) Major Procurement Fraud Unit (MPFU), along with agents of the Defense Criminal Investigations Command and of the Federal Bureau of Investigation revealed that between September 2005 and January 2008, Goldick was involved in a scheme to illegally sell property belonging to the U.S. Army.

Goldick is a Chief Warrant Officer Three in the United States Army. Until recently, he was assigned as the Property Book Officer for U.S. Army South which is headquartered at Fort Sam Houston, San Antonio, Texas. A Property Book Officer, pursuant to Army Regulation 735-5 (Policies and Procedures for Property Accountability), is an appointed property accountable officer responsible for maintaining a formal set of property accounting records and files that show, on a continuing basis, the item identification, gains and losses, on-hand balances, and conditions and location of all non-expendable property assigned to a certain U.S. Army property account. In his position as Property Book Officer for the U.S. Army South at Fort Sam Houston, according to a review of Defense Logistics Agency records, Goldick made unauthorized requisitions of band instruments and high value electronic testing equipment; specifically ordering 4,017 items, having a total value of over $9.8 million dollars when originally acquired by the Army. This type of property ordered by Goldick was suspicious as it was rarely needed or used by personnel of the U.S. Army South.

The property requisitioned by Goldick was received at the local U.S. Army South warehouse at Fort Sam Houston. Agents conducted interviews of warehouse personnel who stated that, at the direction of Goldick, any band or electronic testing equipment received from the Army Surplus systems into the U.S. Army South warehouse was not to be placed on any property book or entered into any Army surplus tracking system. Instead, it was to be placed in a section of the warehouse designated by Goldick for later shipment to various locations.

At the request of investigating agents, personnel from the U.S. Army Audit Agency, based in Alexandria, Virginia performed an "Audit of Reconciliation of Government Property." The audit, dated September 26, 2008, concluded that $6.7 million worth of the nearly $9.9 million in

suspicious government property ordered by Goldick could not be accounted for within the U.S. Army South's warehouse at Fort Sam Houston nor by any other component of the U.S. Army.

After improperly ordering and receiving items of government property from the Army surplus systems, Goldick would subsequently sell the items to unsuspecting third party vendors. Goldick sold musical instruments to vendors including, but not limited to, Miles Ahead Music aka Miles Ahead located in Louisville, Kentucky; to Spacetone Music and to Jeff Ryder's Drum Shop, both located in San Antonio, Texas. Additionally, Goldick sold electronic equipment to vendors such as Bizi International, Inc., located in Tyngsboro, Massachusetts; to AMAC Enterprises LP located in Austin, Texas and to Test Equipment Center (TEC), located in Lake Mary, Florida. Agents obtained documents, spreadsheets and purchase orders from these vendors indicating hundreds of purchases from Goldick of either musical instruments or electronic equipment.

## INTERVIEW OF GOLDICK

On January 23, 2008 and January 24, 2008, MPFU agents interviewed Goldick, who was not placed under arrest and was free to leave during and after both interviews. During the interviews, Goldick admitted to selling diverted government property and estimated that he profited approximately $13,000 from those sales.

On January 23, 2008, Goldick stated that he has been assigned as a Property Book for USARSO at Fort Sam Houston, TX, for the last two years and beginning around October 2005, he did order "unserviceable" and/or "condemned" musical equipment from the Army Surplus system to try and repair and "make a couple of bucks" and also donate to churches and schools. Goldick stated he felt what he did was a mistake and wanted to pay it back to correct it. Goldick related that he never consulted with anyone at his command nor was he granted permission from

anyone at his command to order, sell, and/or give away musical instruments. Goldick stated he was doing this of his own free will, that no one else had access to his logon and/or password and that he was the only one requisitioning the musical instruments. Goldick related the only other person who knew about this was his wife.

The following day, Goldick was re-interviewed by investigating agents and explained that he was stationed in Korea for about four years and while there, he and his wife provided English teaching services which paid them significantly. Goldick stated they were able to save enough money so that in mid 2007, they purchased about 24 acres of land in Schertz, Texas, paying for the land in full, approximately $170,000. Goldick added that he did not use any of the money he earned selling musical instruments to pay for the land. Goldick further stated he owned three vehicles: a 2001 Chevrolet Suburban, a 2001 Toyota Camry, a 2001 Honda Odyssey; and two motorcycles: a 1995 Harley Davidson Sportster and a 2002 Harley Davidson Road King, all of which were paid in full. Additionally, Goldick stated that he and his wife have about $300,000.00 in their savings accounts as well as mutual funds accounts and investments.

## BANK ACCOUNT RECORDS ANALYSIS

In connection with this investigation, agents obtained bank and investment account records of Jerome and Judy Goldick, his current wife. Information relating to the accounts and deposits in each from the listed vendors is summarized in the chart below:

| VENDOR NAME | DEPOSIT DATES | TOTAL DEP AMT | ACCOUNT OF DEP |
|---|---|---|---|
| MILES AHEAD | From 3/31/06 to 1/24/08 | $663,551.82 | Pentagon FCU # xxxx835-01-7 and USAA # xxxx3920 |
| SPACETONE | From 10/20/06 to 1/2/08 | $54,010.00 | USAA #xxxx3920 |
| RYDER | From 02/20/07 to 07/17/07 | $2200.00 | USAA #xxxx3920 |
| AMAC | 8/3/07 | $1700.00 | USAA #xxxx3920 |
| BIZI | 8/22/07 to 1/24/08 | $169,300.00 | USAA #xxxx3920 |
| TEC | 10/29/07 | $550.00 | USAA #xxxx3920 |

An analysis of bank records shows that throughout the course of diverting government property for his personal gain, Goldick acquired approximately $891,311.82 in total proceeds from the aforementioned vendors. Analysis of bank records also demonstrates that Goldick's DFAS-Army electronic direct deposits representing his salary for the time frame in question totaled only $289,700.16: $144,805.91 from December 2002 to May 2006 + $144,894.25 from June 2006 to September 2008. Also, investigation determined that Judy Goldick's income was deposited into a completely separate account from any identified herein, with the exception of three checks totaling $6,662.25. The account balances listed in the chart above far exceed what the DFAS-Army direct deposit salary amounts show as income earned for GOLDICK.

**PURCHASE OF RED IRON CREEK RESIDENCE**

On December 16, 2005, Goldick and his wife, Judy Goldick purchased the residence located at 10203 Red Iron Creek, Converse, Texas, by taking out a lien of $155,276.00 and a second lien of $19,409.00, both through United Federal Bank of Indianapolis. On May 26, 2006, a release of the second lien was issued and thereafter, on January 18, 2007, a release of the first lien also issued.

Goldick therefore paid both liens in their entirety within nearly two years of aquiring them and also within the time frame of this investigation.

## PURCHASE OF WARE SEGUIN ROAD PROPERTY

In October 2007, Goldick and his wife purchased the real property located at 10480 Ware Seguin Road, Schertz, Texas, by paying $172,736.95 via a cashier's check, leaving no lien recorded against this property. In his interview by investigating agents, Goldick stated that in 2007, he purchased about 24 acres of land in Schertz, TX, and that at the time of purchase, he paid for the land in full (approximately $170,000.00) but attributed this to income he earned while teaching English to Korean Nationals when stationed in Korea.

Bank record analysis conflicts with this explanation as there are no known deposits attributable to this source nor are there any deposits, including those reflecting Goldick and his wife's salaries, that justify the amounts of Goldick's current bank balances and expenditures..

According to the DFAS-Army electronic direct deposit salary amounts, earned income on behalf of Goldick and according to investigation of his wife's income, neither (alone or in combination) substantiates the various purchases of the residence, the real property acreage, vehicles or monies deposited into the above-mentioned bank accounts.

Therefore, based on the above-described facts, it is reasonable to believe that certain funds and other property in the possession of Jerome Mathew GOLDICK constitute illegal proceeds and/or are derived from proceeds traceable to violations of Title 18 USC § 641. Furthermore, it can reasonably be concluded that the Respondent Properties constitute illegal proceeds and/or are derived from proceeds traceable to violations of Title 18 United States Code §641, Theft of Government Property, a specified unlawful activity pursuant to Title 18 U.S.C. § 1956(c)(7)(D) and are subject to forfeiture to the United States of America pursuant to Title 18 U.S.C. § 981(a)(1)(C).